# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

|  |  |  |
|---|---|---|
| KENNETH CARDWELL, | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION FILE |
| VS. | : | NO. 1:06-CV-31 (WLS) |
| DR. DWAYNE AYERS, and LINDA BRIDGES, | : | |
| Defendants. | : | |

## RECOMMENDATION

It appears that on or about August 2, 2006, plaintiff dated and presumably filed a Motion for Default Judgment against the two named defendants (doc # 14).[1] As will be shown below, plaintiff's motion was premature when filed and for that reason the undersigned must RECOMMEND that it be DENIED.[2]

On May 5, 2006, the undersigned granted plaintiff's motion to proceed in this matter *in forma pauperis* and directed that the above named defendants be served according to law (doc. # 10). On May 9, 2006, the United States Marshal Service mailed to each named defendant the Process Receipt and Return, Complaint and Summons in an effort to perfect service in accordance with the provisions of Federal Rule of Civil Procedure 4(d) (Electronic docket for Case Number

---

[1] For whatever reason the complaint was not received by the Clerk of Court until August 21, 2006.

[2] Plaintiff has also filed a Motion for Reconsideration of the above referenced pending premature motion which may have to be more properly considered as a subsequent Motion for Default Judgment (doc. # 20). The undersigned will consider this "motion" in due course along with Defendants' (who have now filed an answer (doc. # 23)) Motion for an Extension of Time in which to Answer (doc. # 24).

1

1:06-CV-31(WLS), sole entry of May 9, 2006).

Among other things, this rule provides in essence that if a defendant will acknowledge service by mail, thereby waiving personal service of the complaint, (by signing and returning the waiver and acknowledgment of service form within thirty days of receipt) he/she then has sixty days in which to file an answer or other responsive pleading. F. R. Civ. P. 4(d)(2)(F) and (3).

In this case, if the defendants had timely signed and returned the waiver and acknowledgment of service forms their answers or other responsive pleadings would have been due shortly prior to July 15, 2006. Neither defendant acknowledged service by mail, thus requiring personal service upon them by the United States Marshal Service. On August 24, 2006, the Clerk of Court directed personal service upon both defendants (doc. # 15). Therefore, when the plaintiff filed his Motion for Default Judgment on or about August 2, 2006, neither defendant had been served, they were not in default and the plaintiff's motion was clearly premature.

It is for the above reasons that the undersigned must RECOMMEND that the Motion for Default Judgment be **DENIED.** Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED,** this 11th day of December 2006.

*/s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE